# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE 1, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:21-cv-01037 |
| v. | (SAPORITO, M.J.) |
| SHAWNEE HOLDING, INC. d/b/a SHAWNEE INN & GOLF RESORT, et al., | |
| Defendants. | |

## MEMORANDUM

This action was commenced when the plaintiffs, Jane Doe 1 ("Doe 1") and Jane Doe 2 ("Doe 2"), appearing through counsel, filed their complaint on June 11, 2021. (Doc. 1.) The plaintiffs are a same-sex married couple. In their complaint, they allege that Doe 1 was subjected to hostile work environment sexual harassment over the course of several years while she was employed at the Shawnee Inn & Golf Resort ("Shawnee") as a graphic designer and web administrator, mostly involving her direct supervisor, Jeromy Wo. The plaintiffs further allege that Doe 1 complained, on multiple occasions, to human resources and to Shawnee's general manager, but she was then subjected to retaliation. Ultimately, she alleges that she was forced to resign as a result of the

hostile work environment sexual harassment and the retaliation.

The complaint is divided into seven counts. In Counts I, II, and III, Doe 1 asserts federal claims against her former employer, Shawnee, for hostile work environment sexual harassment, discriminatory discharge, and retaliatory discharge, arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* In Counts IV and V, Doe 1 asserts state-law claims against her former supervisor, Wo, for hostile work environment sexual harassment and retaliation on an aiding-and-abetting or accomplice theory of liability, arising under the Pennsylvania Human Rights Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 *et seq.*[1] In Count VI, Doe 1 asserts a state-law tort claim against Wo for intentional infliction of emotional distress. Finally, in Count VII, Doe 2 asserts a state-law tort claim against Wo for loss of consortium.

The case is now before us on two motions. The plaintiffs have moved for leave to proceed anonymously in this action. (Doc. 3.) Meanwhile, the

---

[1] We note that, although Title VII does not permit for individual liability, the PHRA permits an individual supervisory employee to be held liable for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under his supervision. *See Slater v. Susquehanna Cty.*, 613 F. Supp. 2d 653, 669–70 (M.D. Pa. 2009).

defendants have moved for partial dismissal of the complaint and for a more definite statement. (Doc. 11.) Both motions are fully briefed and ripe for decision.

## I.   MOTION TO PROCEED ANONYMOUSLY

The plaintiffs filed their complaint under the pseudonyms "Jane Doe 1" and "Jane Doe 2." A few days after filing the complaint, they moved for leave to proceed anonymously.

"[P]roceeding under a fictitious name is an unusual measure reserved for exceptional cases." *Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). As the Third Circuit has observed:

> One of the essential qualities of a Court of Justice is that its proceedings should be public. Rule 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings. Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public. Identifying the parties to the proceeding is an important dimension of publicness. . . . A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings.
>
> While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously. That a plaintiff may suffer embarrassment or economic harm is not enough. Instead, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm

> is reasonable. . . . When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, courts of appeals are in agreement that district courts should balance a plaintiff's interests and fear against the public's strong interest in an open litigation process.

*Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations, internal quotation marks, and brackets omitted).

In *Megless*, the Third Circuit set forth "a non-exhaustive list of factors to be weighed both in favor of anonymity and also factors that favor the traditional rule of openness." *Id.* at 409. The factors in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting another source). The factors militating against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting another source). "The *Megless* factors require a fact-specific, case-by-case analysis." *Doe v. Coll. of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021).

Applying these factors to the instant case, we conclude that the motion should be denied, as the balance of factors does not favor anonymity.

First, the plaintiffs have kept the facts and nature of this case and their claims to themselves, including in particular Doe 1's mental health status and related treatment. Doe 1 necessarily disclosed her identity and the facts underlying her employment claims to the Pennsylvania Human Rights Commission for investigation of her administrative complaint—a mandatory prerequisite to litigation under Title VII and the PHRA—but that limited disclosure for non-public investigatory proceedings is not inconsistent with maintaining confidentiality. *Cf. Holt*

*v. Pennsylvania*, Civil Action No. 10-5510, 2014 WL 2880376, at *16 (E.D. Pa. June 25, 2014) (characterizing PHRC complaint as confidential and non-public information). The defendants direct our attention to news articles regarding this lawsuit, but those stories appear to be gleaned from the public filings in this litigation, which do not reveal the plaintiffs' identities. This factor weighs in favor of anonymity.

Second, the plaintiffs state that they fear potential physical violence or other backlash that they might experience from unknown persons if their names are attached to publicly available court records highlighting their homosexuality, and that they fear the possible stigma associated with being identified as homosexual or as an individual suffering from a mental illness, particularly in the context of seeking future employment opportunities. These generalized fears are entirely speculative—the plaintiffs have articulated no specific threats or any particular basis for their concerns. With respect to the stigma of homosexuality, the plaintiffs' concern further appears to be overstated based on their otherwise uninhibited openness about their same-sex marital status. As the defendants note, the plaintiffs are legally married, they openly disclose their marital status on social media, and they are

the joint owners of record of their marital home. With respect to the stigma of mental illness, we find nothing in the allegations of the complaint to distinguish the emotional and mental harm suffered by Doe 1 in this case from that involved in a typical hostile workplace sexual harassment case. This factor weighs against anonymity.

Third, there is minimal public interest in maintaining the confidentiality of the plaintiffs' names. The plaintiffs argue that a ruling by this court denying their motion may deter other persons suffering from mental illness or experiencing harassment based on sexual orientation from suing to vindicate their rights. But, again, we see little to distinguish the facts alleged here from the typical hostile workplace sexual harassment case, involving emotional and mental injury as a matter of course. Moreover, the plaintiffs are not closeted homosexuals forced to choose between vindicating their rights or being unwillingly outed, but an openly gay married couple contending with workplace sexual harassment and its collateral effects in a fashion typical to these cases, regardless of the employee's sexual orientation. This factor weighs against anonymity.

Fourth, the claims here are not purely legal claims, and thus the

public's interest cannot be said to be "atypically weak." Across the board, the plaintiffs' various claims are all fact-intensive. This factor weighs against anonymity.

Fifth, the plaintiffs suggest that denial of this motion might cause them to abandon this lawsuit, sacrificing potentially valid claims to preserve their anonymity. While this outcome, particularly in this context of enforcing federal and state anti-discrimination laws, would be undesirable to the public interest, the plaintiffs' stated intention on this point is far from unequivocal. This factor weighs in favor of anonymity, but not strongly.

Sixth, there is no evidence or allegation that the plaintiffs have an illegal or ulterior motive for pursuing their claims against the defendants anonymously. This factor weighs in favor of anonymity.

Turning then to the factors militating against anonymity, first "we must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings." *Megless*, 654 F.3d at 411. None of the parties to this case is a public figure, and the subject matter of this case does not implicate any stronger public interest beyond that which normally obtains in a civil action, but we take note of the defendant

employer's high profile—locally at least—as a large recreational and hospitality business. Finally, there is no evidence or allegation to suggest that the defendants oppose anonymity for illegal or ulterior reasons.

Accordingly, finding the balance of *Megless* factors weighs against anonymity, the motion to proceed anonymously will be denied.

## II.   MOTION FOR PARTIAL DISMISSAL

The defendants have moved to dismiss Counts VI and VII of the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Count VI is Doe 1's intentional infliction of emotional distress ("IIED") claim; Count VII is Doe 2's loss of consortium claim, which is derivative of Doe 1's IIED claim.

For a plaintiff to prevail on an IIED claim, the conduct must (1) be intentional or reckless; (2) be extreme and outrageous; and (3) cause severe emotional distress. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 85 (3d Cir. 1987). "[A]s a general rule, sexual harassment alone does not rise to the level of outrageousness necessary to make out a cause of action for intentional infliction of emotional distress." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1487 (3d Cir. 1990). But "courts applying

Pennsylvania law have found conduct outrageous in the employment context . . . where an employer engaged in both sexual harassment *and* other retaliatory behavior against an employee." *Id.* (emphasis added).

Here, the plaintiffs have alleged both sexual harassment *and* subsequent retaliation. They point to a prior decision of this court, *Bowersox v. P.H. Glatfelter Co.*, 677 F. Supp. 307 (M.D. Pa. 1988), in which we found similar allegations sufficient to state a claim for IIED. We find little to distinguish the facts alleged in this case from those alleged in *Bowersox*—at least, none that are material at this, the pleadings stage.

The defendants argue that *Andrews*, *Bowersox*, and other decisions applying Pennsylvania law in this context suggest a narrower rule. They point to a subsequent comment by the *Andrews* court that "[t]he extra factor that is generally required is retaliation *for turning down sexual propositions*." *Andrews*, 895 F.2d at 1487 (emphasis added). Based on this, the defendants argue that the *only* retaliation sufficient to support a workplace IIED claim is retaliation for the *rejection of sexual advances*. But this strained reading of *Andrews* is simply too narrow; the case law does not restrict the retaliatory conduct *only* to retaliation for refusing

direct sexual propositions. *See, e.g.*, *Regan v. Twp. of Lower Merion*, 36 F. Supp. 2d 245, 251 (E.D. Pa. 1999) (declining to dismiss IIED claim alleging retaliation "for complaining about sexual harassment"); *McLaughlin v. Rose Tree Media Sch. Dist.*, 1 F. Supp. 2d 476, 482–83 (E.D. Pa. 1998) (noting that "case law does not restrict the retaliatory conduct 'only to retaliation for refusing direct sexual propositions'"). "Although that particular brand of retaliation may be the 'extra factor that is *generally* required," it is not "the only 'extra factor' that will suffice." *Solomon v. City of Philadelphia*, Civ. A. No. 94-2427, 1996 WL 20651, at *3 (E.D. Pa. Jan. 16, 1996).

Notwithstanding the absence of a direct request or demand for a sexual *quid pro quo* in this case, we find the allegations of harassment and retaliation here sufficient to fit squarely within the scope of actionable conduct described in *Bowersox*:

> That a supervisor would subject his female employee to highly offensive speech and conduct in a close working environment and then, as a result of her negative reaction to that conduct, make the employee's job impossible to perform could in the court's opinion lead an average member of the community to exclaim, "Outrageous!"

*Bowersox*, 677 F. Supp. at 311–12.

The defendants' request for dismissal of Doe 2's loss-of-consortium claim was based solely on the fact that this claim is derivative of Doe 1's IIED claim. Because we have found a plausible IIED claim to have been stated and rejected the defendants' request to dismiss that claim, the defendants' corresponding request for dismissal of the derivative loss-of-consortium claim must be rejected as well.

Accordingly, the motion for partial dismissal will be denied.

III. **MOTION FOR A MORE DEFINITE STATEMENT**

The defendants have moved for a more definite statement with respect to the plaintiffs' Title VII and PHRA claims, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. In particular, they note that the complaint alleges only a general timeframe for Doe 1's hostile work environment sexual harassment and retaliation claims, which precludes them from seeking dismissal on statute-of-limitations grounds at this, the pleadings stage.

As this court has previously stated:

> Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Like Rule 12(b)(6), Rule 12(e) must be read in conjunction with Rule 8, which requires only a

> short and plain statement of the claim showing that the
> pleader is entitled to relief. Fed. R. Civ. P. 8. Even after
> the Supreme Court's ruling in *Ashcroft v. Iqbal*, 556
> U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009),
> courts have held that "[t]he class of pleadings that are
> appropriate subjects for a motion under Rule 12(e) is
> quite small—the pleading must be sufficiently
> unintelligible for the court to be able to make out one
> or more potentially viable legal theories on which the
> claimant might proceed. *Lapcevic v. Strive Enterprises,
> Inc.*, No. 2:09-cv-564, 2010 WL 1816752, at *7 (W.D.
> Pa. Apr. 8, 2010) (quoting *Sun Co. v. Badger Design &
> Constructors*, 939 F. Supp. 365, 368 (E.D. Pa. 1996)).
> Granting a Rule 12(e) motion is appropriate only when
> the pleading is "so vague or ambiguous that the
> opposing party cannot respond, even with a simple
> denial, in good faith, without prejudice to itself." *Sun
> Co.*, 939 F. Supp. at 368.

*Mushi v. LJ Ross Assocs., Inc.*, Civil Action No. 3:21-cv-01300, 2021 WL

4803781, at *1 (M.D. Pa. Oct. 14, 2021); *see also Schaedler v. Reading

Eagle Publ'n, Inc.*, 370 F.2d 795, 797–98 (3d Cir. 1967). "The basis for

granting such a motion is unintelligibility, *not lack of detail*." *Cobb v. Nye*,

No. 4:14-cv-0865, 2014 WL 7067578, at *5 (M.D. Pa. Dec. 12, 2014)

(quoting *Wood & Locker, Inc. v. Doran & Assocs.*, 708 F. Supp. 684, 691

(W.D. Pa. 1989)) (emphasis added). Indeed, as this court has previously

recognized in virtually identical circumstances: "A motion for a more

definite statement is not a substitute for the discovery process. . . . The

specific information which the defendant seeks in this case, namely dates

of violations, can be obtained through discovery." *Wheeler v. U.S. Postal Serv.*, 120 F.R.D. 487, 488 (M.D. Pa. 1987).

Accordingly, the motion for a more definite statement will be denied.

## IV.   CONCLUSION

For the foregoing reasons, the plaintiffs' motion for leave to proceed anonymously (Doc. 3) and the defendants' motion for partial dismissal and for a more definite statement (Doc. 11) will both be denied. The plaintiff will be directed to file an amended complaint within thirty days.

An appropriate order follows.

Dated: March 15, 2022             ***s/Joseph F. Saporito, Jr.***
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge